**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4614-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

RONALD BURNS,

      Defendant-Appellant.

_____

Submitted September 16, 2019 – Decided September 23, 2019

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 00-07-0531.

Ronald Burns, appellant pro se.

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ronald Burns appeals from a May 14, 2018 Law Division order denying his motion for a new trial. We affirm substantially for the reasons expressed by Judge Philip E. Haines in his comprehensive written decisions.

The underlying facts and procedural history were set forth by the Supreme Court on direct appeal, State v. Burns, 192 N.J. 312, 319-23 (2007), and need not be recounted at length in this opinion.

This case arises from a homicide. Defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5(b) (count three); and third-degree hindering apprehension of another, N.J.S.A. 2C:29-3(a)(2). Codefendant Tony Felder was also charged in counts one through three of the indictment.

Felder was defendant's eighteen-year-old first cousin at the time of the incident. He began selling drugs for defendant when he was fifteen years old. Prior to trial, Felder pleaded guilty to aggravated manslaughter and agreed to testify against defendant.

The State presented evidence at trial to show that defendant and the victim, Ronald Patterson, Jr., were rival drug dealers who sold drugs from

nearby houses on the same street in Mt. Holly. Defendant's drug sales declined because Patterson was selling better quality cocaine. Defendant was upset with Patterson and contemplated killing him. On September 6, 1999, defendant told Felder he wanted Patterson dead. Felder said he would kill Patterson that night. Defendant told Felder to use the gun he had previously given to Bobby Bryant. At around eight p.m., defendant's girlfriend, drove defendant and Felder to Bryant's residence where they met Bryant, Tifani Young, Lawrence Hightower, and others. Defendant asked Felder, "You gonna kill him?" Felder replied, "Yeah." Defendant gave Felder the gun. Felder then crossed the street, approached Patterson, and attempted to shoot him but the gun did not discharge. Felder returned and told defendant that the gun misfired. Defendant took the gun. Bryant and Hightower saw defendant unjam the gun and hand it back to Felder. Felder again approached Patterson and shot him several times, killing him. Felder then threw the gun in a nearby lake and later met up with defendant and Young.

Tried to a jury, defendant was convicted of murder, second-degree possession of a weapon for an unlawful purpose, and third-degree hindering apprehension. Defendant was sentenced to life in prison with thirty years of parole ineligibility on the murder conviction and to a five-year consecutive

sentence on the hindering apprehension after merger of count two. We reversed the conviction on direct appeal. State v. Burns, No. A-6273-01 (App. Div. May 11, 2006) (Burns I). The Supreme Court reversed and reinstated the conviction and sentence. Burns, 192 N.J. at 343.

Defendant's first petition for post-conviction relief (PCR) was denied. We affirmed the denial. State v. Burns, No. A-1098-10 (App. Div. June 4, 2012) (Burns II). The Supreme Court denied certification. State v. Burns, 213 N.J. 396 (2012).

In 2013, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. Judge Robert B. Kugler issued a comprehensive written opinion and order denying the habeas petition and declining to issue a certificate of appealabilty. Burns v. Warren, Civ. No. 13-1929 (RBK) (D.N.J. Mar. 22, 2016). That ruling was not overturned on appeal.

In January 2015, defendant also moved for a new trial, based on an alleged Brady[1] violation and newly discovered evidence. The motion judge rejected those claims. Defendant appealed and moved for a limited remand, asserting we should consider a September 15, 2015 Felder affidavit, in which he recanted his

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

trial testimony implicating defendant. The State opposed the application, contending the timing and credibility of Felder's affidavit was highly suspect given his max-out date of January 26, 2017. The State further argued that Felder's affidavit directly contradicted the January 13, 2010 affidavit of Investigator Angela Townes, stating Felder "informed [her] that he would not testify in court without getting a guarantee that the new information he could provide would not net him any additional penalty." We denied the motion and affirmed for the reasons expressed by the motion judge. We found defendant's appellate arguments were without sufficient merit to warrant discussion in a written opinion. State v. Burns, No. A-0446-15 (App. Div. Apr. 12, 2017) (citing R. 2:11-3(e)(2)). The Supreme Court denied certification. State v. Burns, 231 N.J. 218 (2017).

Felder executed a subsequent April 15, 2016 certification, which stated he told the truth during his plea hearing, his meeting with First Assistant Prosecutor Raymond Milavsky, and the trial. He further certified:

> I greatly regret signing the certification that was filed in support of Burns' application for post-conviction relief. I was in state prison at the time I signed that certification, and you must understand that, since Burns is my cousin, I was under a lot of pressure from my family to sign a certification that supported his efforts to overturn his conviction. I am sorry that I gave in to that pressure and signed a false certification. It

5

was the result of poor judgment – and, as I said, overwhelming pressure from my family.

In August 2017, defendant moved for a new trial based on newly discovered evidence. In support of his motion, defendant submitted the following documents: (1) the September 15, 2015 Felder affidavit; (2) the January 1, 2013 Townes certification; (3) an April 22, 2010 Young certification; (4) the April 15, 2016 Felder certification; (5) an August 5, 2017 Felder affidavit; (6) a January 7, 2010 Morris K. Burns certification; and (7) a June 13, 2013 Reverend Rose Burns-Hayes notarized letter.

The motion judge noted the Young, Townes, and Morris K. Burns certifications were previously addressed in the court's July 2015 decision. Felder died in February 2018 while the motion was pending. The judge determined that even if Felder were alive to testify at a new trial, his affidavits and certification failed to meet the three-prong test for newly discovered evidence set forth by the Court in State v. Carter, 85 N.J. 300 (1981).[2] He found

---

[2] In Carter, the Court reiterated the following test for newly discovered evidence:

> to qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the

the Felder affidavits and certification were merely contradictory. The judge noted that in his September 2015 and August 2017 affidavits, Felder took full responsibility for Patterson's death yet, in his April 2016 certification, Felder states that his testimony during the plea hearing was accurate and that he was under family pressure to sign the September 2015 affidavit. In his August 2017 affidavit, Felder recanted his April 2016 certification. Thus, the judge determined defendant did not satisfy the first prong of the newly discovered evidence test.

The judge found the affidavits and certification failed to satisfy "the second prong of the newly discovered evidence test because the information could have been discovered at the time of trial. Mr. Felder was present and even testified at trial."

As to the third prong, the judge noted the credibility of Felder's recantation was addressed in Burns II. We found:

> At trial, Felder testified against defendant pursuant to a plea agreement that required his truthful testimony in order to obtain the benefit of his bargain. Although Felder is allegedly now willing to recant, he is reported

trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted.

[Id. at 314.]

as being willing to do so only if the proffer of the new testimony does not "net him any additional penalty." When we consider this condition, together with the absence of any certification of Felder himself, we find ample grounds to conclude that Felder's alleged proffer is the product of fabrication and is not credible. Thus an evidentiary basis for a new trial based on Felder's alleged recantation is absent.

[Burns II (slip op. at 9-10).]

The judge found the 2015 and 2017 Felder affidavits were not reliable. Moreover, "[t]estimony based on the information provided in Felder's affidavits would be impeached by his previous testimony. Any new testimony provided by Mr. Felder would be no more credible than his original trial testimony." Therefore, "[s]ince these recantations are not credible," and the April 2016 certification "is consistent with his trial testimony," the 2015 and 2017 Felder affidavits "would probably not change the result if a new trial were granted." In addition, the judge noted Felder had previously signed a false certification due to family pressure.

Burns-Hayes is defendant's mother. The judge concluded her notarized letter was not material and is merely impeaching and contradictory. The judge also found it failed to satisfy the second prong because she knew on the night of the murder that Felder said he killed Patterson because "he disrespected him." Thus, the evidence was "reasonably discoverable before trial." More

fundamentally, the letter "contains nothing material or new" since Felder already testified that he was the one that shot Patterson and did so at defendant's request. "Information that the victim disrespected him would probably not change the result if a new trial were granted."

Defendant submitted four additional April 2018 certifications in support of his motion. The court noted Sedvia Felder, Sonya Burns-Walker, Morris Burns, and Regina Burns were all members of defendant's family. They indicated Felder died in February 2018. They also indicated Felder wished to absolve defendant and take full responsibility for the murder. The judge found the certifications merely contradictory to Felder's trial testimony, the evidence reasonably could have been discovered at the time of trial, the information contained in the certifications would not change the result if a new trial were granted, and were dependent on the Felder affidavits passing the newly discovered evidence test, which they did not. The judge concluded the four certifications failed to meet each prong of the Carter test.

Based on these findings and conclusions, the motion judge denied the motion for a new trial. This appeal followed.

In this appeal, defendant raises the following issues:

> I. MOTION FOR NEW TRIAL ORDER SHOULD BE
> GRANTED DUE TO NEWLY DISCOVERED

9

EVIDENCE TO "DEFEND LIFE AND LIBERTY" AS GUARANTEED BY N.J. CONST. (1949) ART I, PAR. 1; U.S. CONST. AMEND XIV § 1 TOWARDS ACQUITTAL DUE TO ACTUAL INNOCENCE (Raised Below).

    A.  Recantation.

    B.  Actual Innocence.

II. MOTION FOR NEW TRIAL ORDER SHOULD BE GRANTED DUE TO NEWLY DISCOVERED EVIDENCE. THE STATE'S "KNOWING" PRESENTATION OF PERJURED TESTIMONY OF TONY FELDER, DURING TRIAL WAS FUNDAMENTALLY UNFAIR, AND THE CONVICTION MUST BE SET ASIDE SINCE THERE IS A REASONABLE LIKELIHOOD THAT THE FALSE TESTIMONY AFFECTED THE JUDGMENT OF THE JURY. LITIGANT MOVES TO "DEFEND LIFE AND LIBERTY" AS GUARANTEED BY N.J. CONST. (1949) ART I, PAR. 1; U.S. CONST. AMEND XIV § 1 (Raised below).

    A.  Prosecutorial promises w[]ere made prior to Felder testifying.

    B.  Perjured testimony.

    C.  Third Party Guilt, et al.

III. REMAND TO THE TRIAL COURT WITH DIRECTIONS TO HOLD EVDENTIARY HEARINGS ON THE ISSUES RAISED AND WITNESS TESTIMONY BE PROVIDED TO SUPPLEMENT THE TRIAL RECORD (Not Raised below).

We reject these arguments and affirm substantially for the reasons stated by Judge Philip E. Haines in his written decisions. We add the following comments.

We review a motion for a new trial based on newly discovered evidence under an abuse-of-discretion standard. State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000). We discern no abuse of discretion here.

Where a defendant's petition for a new trial is based upon the recantation of a State's witness, the appropriate test is: (1) "whether the testimony given at the trial was probably false," and, if so, (2) whether "on that account there is a substantial possibility of [a] miscarriage of justice." State v. Baldwin, 47 N.J. 379, 400 (1966); see also State v. Carter, 69 N.J. 420, 427 (1976) ("The test for the judge in evaluating a recantation upon a motion for a new trial is whether it casts serious doubt upon the truth of the testimony given at the trial and whether, if believable, the factual recital of the recantation so seriously impugns the entire trial evidence as to give rise to the conclusion that there resulted a possible miscarriage of justice." (quoting State v. Puchalski, 45 N.J. 97, 107-08 (1965)).

"Courts generally regard recantation testimony as suspect and untrustworthy," therefore the burden is placed squarely upon the defendant to prove the recantation statement "is probably true and the trial testimony

probably false." <u>Carter</u>, 69 N.J. at 427. In particular, where the recanting witness is incarcerated, courts are even more skeptical in assessing the veracity of the recantation. <u>See, e.g.</u>, <u>State v. Engel</u>, 249 N.J. Super. 336, 386 (App. Div. 1991) ("Prisoners often have nothing to lose and much to gain by repudiating their trial testimony. For that reason, we regard recantations as inherently suspect."); <u>Baldwin</u>, 47 N.J. at 400 ("Recantations by fellow prisoners are not uncommon. It would be unwise to vest in a State's witness the effective power thereby to grant a new trial.").

Judge Haines found the affidavits and certifications submitted by defendant in support of his motion did not satisfy any of the three prongs of the test for newly discovered evidence. He found the contradictory Felder affidavits and certification were not reliable or credible; testimony based on the information contained in Felder's affidavits would be impeached by his previous testimony; and any new testimony provided by Felder would be no more credible than his original trial testimony. Coupled with Felder certifying he had previously signed a false certification due to family pressure, the judge concluded the information contained in the affidavits and certifications would probably not change the out result if a new trial were granted.

Based on our review of the record, we are satisfied that Judge Haines' comprehensive factual findings are amply supported by substantial evidence in the record and his conclusions predicated on those findings are legally sound. The judge properly denied the motion for a new trial.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4614-17T4